**WINSTON & STRAWN, LLP, Appellee**

v.

**Harold E. DOLEY and Doley Securities, Inc., Appellants.**

No. 09–7118.

United States Court of Appeals, District of Columbia Circuit.

June 8, 2010.

Thomas Matthew Buchanan, Charles Bennett Klein, Winston & Strawn LLP, Washington, DC, for Appellee.

Claude William Roxborough, Law Office of Claude W. Roxborough, Washington, DC, for Appellants.

Before: SENTELLE, Chief Judge, and BROWN and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

**ORDERED AND ADJUDGED** that the district court's September 17, 2009, 654 F.Supp.2d 17, order denying the motion for reconsideration of its summary judgment ruling be affirmed. As the district court found, the unpaid bills on which Winston & Strawn sue clearly show the application of the $10,000 retainer fee to the amount owed. As to appellants' second assignment of error, the representation agreement between the parties specifies that the lawyers who performed work for appellants may be billed for within a range of possible fees. Appellants' presentment of a prior oral agreement that they would only be charged fees at the low end of those ranges is inconsistent with the written representation agreement and is barred by the parol evidence rule. *See District–Realty Title Ins. Corp. v. En-*

*smann,* 767 F.2d 1018, 1022 (D.C.Cir. 1985).

 Appellants' last argument to us is that the district court erred in not staying the litigation proceedings to allow arbitration to go forward. This argument fails under the rule established in *Khan v. Parsons Global Services, Ltd.,* 521 F.3d 421 (D.C.Cir.2008). There, we held that a party is deemed to have waived his right to compel arbitration if he actively participated in the lawsuit. At the time appellants filed their motion to stay proceedings, they had already filed a motion, stylized under Fed.R.Civ.P. 12(b)(6), but which was supplemented with materials outside the pleadings. When this occurs, "the motion must be treated as one for summary judgment under Rule 56." FED.R.CIV.P. 12(d). Because appellants had already actively participated in the lawsuit, the district court did not err in holding that they had waived their right to compel arbitration.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.